IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

ERNEST CATCHINGS, JR., )
)
    Plaintiff, )
)
VS. ) No. 12-2329-JDT-cgc
)
MIKE FRY, et al., )
)
    Defendant. )

ORDER OF DISMISSAL
ORDER DENYING PENDING MOTION AS MOOT
(DOCKET ENTRY 4)
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

On April 26, 2012, Plaintiff Ernest Catchings, Jr., an inmate at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § l983. (Docket Entry ("D.E.") 1.) On May 4, 2012, Catchings filed a motion seeking leave to proceed in forma pauperis. (D.E. 3.) The Court entered an order on May 8, 2012, granting the motion to proceed in forma pauperis. (D.E. 5.) The Clerk shall record the defendants as Mike Fry and the City of Collierville.[1]

Plaintiff Catchings alleges that he was falsely arrested on January 23, 2009, by

---

[1] Plaintiff named the Collierville Police Department as a Defendant. Governmental departments, divisions, and buildings are not suable entities. Therefore, the Court construes those claims against the City of Collierville. See generally Hafer v. Melo, 502 U. S. 21 (1991).

Defendant Fry and thereafter maliciously prosecuted on false evidence. On January 12, 2010, Plaintiff was indicted by a Shelby County grand jury one a charge of filing a false offense report. (D.E. 1-2 at 3.) The charge was resolved by nolle prosequi for judicial economy on July 21, 2011, as a result of Plaintiff's guilty plea in federal court to one count of identity theft.[2] (D.E. 1-2 at 4.)

On August 19, 2010, Plaintiff was indicted by a Shelby County grand jury on one count of failure to appear. (D.E. 1-2 at 5.) The second charge was also resolved by nolle prosequi for judicial economy on July 21, 2011. (D.E. 1-2 at 6.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded

---

[2] Plaintiff was arrested on federal charges in Case No. 09-20376-JPM (W.D. Tenn.) in 2009. Plaintiff pled guilty on November 15, 2010. (Criminal Docket Entry ("Cr. D.E.") No. 48-51.) His guilty plea was affirmed on appeal, however, his case has been remanded to the district court for resentencing. (Cr. D.E. 120.)

2

allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950; see also Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. See Neitzke [v. Williams], 490 U.S. [319,] 325, 109 S. Ct. at 1827 [(1989)]. Any complaint that is legally frivolous would ipso facto fail to state a claim upon which relief can be granted. See id. at 328-29, 109 S. Ct. 1827." Hill, 630 F.3d at 470.

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at

327-28, 109 S. Ct. 1827.

Id. at 471.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

> Before the recent onslaught of pro se prisoner suits, the Supreme Court suggested that pro se complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in pro se suits. See, e.g., id. at 521, 92 S. Ct. at 596 (holding petitioner to standards of Conley v. Gibson); Merritt v. Faulkner, 697 F.2d 761 (7th Cir.) (duty to be less stringent with pro se complaint does not require court to conjure up unplead allegations), cert. denied, 464 U.S. 986, 104 S. Ct. 434, 78 L. Ed. 2d 3366 (1983); McDonald v. Hall, 610 F.2d 16 (1st Cir.1979) (same); Jarrell v. Tisch, 656 F. Supp. 237 (D.D.C. 1987) (pro se plaintiffs should plead with requisite specificity so as to give defendants notice); Holsey v. Collins, 90 F.R.D. 122 (D. Md. 1981) (even pro se litigants must meet some minimum standards).

Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements"; "[A] court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading.'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte

4

dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her."); cf. Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

Plaintiff's claim for false arrest is time barred. The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007); see also Wilson v. Garcia, 471 U.S. 261, 275-76 (1985). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a). Roberson v. Tennessee, 399 F.3d 792, 794 (6th Cir. 2005); Hughes v. Vanderbilt Univ., 215 F.3d 543, 547 (6th Cir. 2000); Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir. 1986). The Supreme Court's decision in Wallace v. Kato, 549 U.S. 384, 391-92, 397 (2007), makes clear that a claim for false arrest or imprisonment accrues at the time of arrest or, at the latest, when detention without legal process ends.³ The Sixth Circuit has held that a Fourth Amendment claim based on an

---

³ The Supreme Court explained:

Reflective of the fact that false imprisonment consists of detention without legal process, a

5

allegedly unlawful arrest accrues at the time of arrest. Fox v. DeSoto, 489 F.3d 227, 233, 235 (6th Cir. 2007). Plaintiff was arrested by Defendant Fry on January 23, 2009. Plaintiff filed this complaint more than one year later, on April 26, 2012, and the false arrest claim is, therefore, time barred.

Plaintiff has sued the City of Collierville. When a § 1983 claim is made against a municipality, the court must analyze two distinct issues: (1) whether plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. Collins v. City of Harker Heights, Tex., 503 U.S. 115, 120 (1992). The second issue is dispositive of Plaintiff's claim against the City of Collierville.

A local government "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't. of Soc. Serv., 436 U.S. 658, 691 (1978) (emphasis in original); see also Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994); Berry v. City of Detroit, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a

---

    false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges. . . . Thereafter, unlawful detention forms part of the damages for the "entirely distinct" tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process. . . . "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." . . . Thus, petitioner's contention that his false imprisonment ended upon his release from custody, after the State dropped the charges against him, must be rejected. It ended much earlier, when legal process was instituted against him, and the statute [of limitations] would have begun to run from that date.

Id. at 389-90 (emphasis in original; footnote and citations omitted); see also id. at 390 n.3 ("This is not to say, of course, that petitioner could not have filed suit immediately upon his false arrest. While the statute of limitations did not begin to run until petitioner became detained pursuant to legal process, he was injured and suffered damages at the moment of his arrest, and was entitled to bring suit at that time.").

6

constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. Monell, 436 U.S. at 691-92; Deaton v. Montgomery Co., Ohio, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." Alkire v. Irving, 330 F.3d 802, 815 (6th Cir. 2003) (citing Garner v. Memphis Police Dep't, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." Alkire, 330 F.3d at 815 (quoting Monell, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." Searcy, 38 F.3d at 286 (quoting Polk Co. v. Dodson, 454 U.S. at 326 (citation omitted)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" City of St. Louis v. Praprotnik, 485 U.S. 112, 138 (1988) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability, see, e.g., Fowler v. Campbell,

7

Civil Action No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007); Yeackering v. Ankrom, No. 4:05-CV-00018-M, 2005 WL 1877964, at *2 (W.D. Ky. Aug. 5, 2005); Oliver v. City of Memphis, No. 04-2074-B, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004); cf. Raub v. Correctional Med. Servs., Inc., No. 06-13942, 2008 WL 160611, at *2 (E.D. Mich. Jan. 15, 2008) (denying motion to dismiss where complaint contained conclusory allegations of a custom or practice); Cleary v. County of Macomb, No. 06-15505, 2007 WL 2669102, at *20 (E.D. Mich. Sept. 6, 2007) (same); Morningstar v. City of Detroit, No. 06-11073, 2007 WL 2669156, at *8 (E.D. Mich. Sept. 6, 2007) (same); Chidester v. City of Memphis, No. 02-2556 MA/A, 2006 WL 1421099, at *3 (W.D. Tenn. June 15, 2005). The allegations of the complaint fail to identify an official policy or custom which caused injury to Plaintiff. Instead, it appears that Plaintiff is suing the City of Collierville because the City employed the person who allegedly violated his rights.

The Complaint also does not state a valid malicious prosecution claim against Defendant Fry. The requirements for a malicious prosecution claim under § 1983 are as follows:

> The Sixth Circuit "recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment," which "encompasses wrongful investigation, prosecution, conviction, and incarceration." Barnes v. Wright, 449 F.3d 709, 715-16 (6th Cir. 2006) (internal quotation marks omitted). The "tort of malicious prosecution" is "entirely distinct" from that of false arrest, as the malicious-prosecution tort "remedies detention accompanied not by absence of legal process, but by *wrongful institution* of legal process." Wallace v. Kato, 549 U.S. 384, 390, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007) (internal quotation marks omitted). . . .

8

> To succeed on a malicious-prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove the following: First, the plaintiff must show that a criminal prosecution was initiated against the plaintiff and that the defendant "ma[d]e, influence[d], or participate[d] in the decision to prosecute." Fox v. DeSoto, 489 F.3d 227, 237 (6th Cir. 2007); *see also* McKinley v. City of Mansfield, 404 F.3d 418, 444 (6th Cir. 2005); Darrah v. City of Oak Park, 255 F.3d 301, 312 (6th Cir. 2001); Skousen v. Brighton High Sch., 305 F.3d 520, 529 (6th Cir. 2002). Second, because a § 1983 claim is premised on the violation of a constitutional right, the plaintiff must show that there was a lack of probable cause for the criminal prosecution, Fox, 489 F.3d at 237; Voyticky, 412 F.3d at 675. Third, the plaintiff must show that, "as a consequence of a legal proceeding," the plaintiff suffered a "deprivation of liberty," as understood in our Fourth Amendment jurisprudence, apart from the initial seizure. Johnson v. Knorr, 477 F.3d 75, 81 (3d Cir. 2007); *see* Gregory v. City of Louisville, 444 F.3d 725, 748-50 (6th Cir. 2006) (discussing the scope of "Fourth Amendment protections ... beyond an initial seizure," including "continued detention without probable cause"); *cf.* Heck v. Humphrey, 512 U.S. 477, 484, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) ("[U]nlike the related cause of action for false arrest or imprisonment, [an action for malicious prosecution] permits damages for confinement imposed pursuant to legal process."). Fourth, the criminal proceeding must have been resolved in the plaintiff's favor. Heck, 512 U.S. at 484, 114 S. Ct. 2364 ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.").

Sykes v. Anderson, 625 F. 3d 294, 308-09 (6th Cir. 2010) (additional citations and footnote omitted).

The fact that the Plaintiff was ultimately indicted by the grand jury shows the existence of probable cause for the charges. "[T]he finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer." Higgason v. Stephens, 288 F.3d 868, 877 (6th Cir. 2002)(quoting Ex parte United States, 287 U.S. 241, 250, 53 S. Ct. 129, 77 L. Ed. 283 (1932)). In light of the grand jury indictment, any malicious prosecution claim

fails because the Plaintiff cannot show the absence of probable cause.

The Court therefore DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted. Plaintiff's pending motion (D.E. 4) for service is DENIED as MOOT.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed in forma pauperis, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in forma pauperis. Leave to proceed on appeal in forma pauperis is, therefore, DENIED.

If Plaintiff appeals the dismissal of this case, the Court is required to assess the $455 appellate filing fee. In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and 28 U.S.C. § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the third dismissal[4] of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect, without further action by the Court, upon expiration of the time for filing a notice of appeal, the dismissal of any appeal, or the affirmation of the district court's ruling on appeal, whichever is later.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Consequently, Plaintiff is warned that, when or if the three strikes by the Court take effect, he will be barred from filing any further actions in forma pauperis

---

[4] See Catchings v. Craft, et al., No. 11-2555-JDT-tmp (W.D. Tenn. June 8, 2012)(dismissing § 1983 pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1916A(b)(1) for failure to state a claim) and Catchings v. United States, No. 12-2171-JDT-dkv (W.D. Tenn. Jan. 29, 2013)(dismissing tort claim for lack of subject matter jurisdiction). The strike in No. 12-2171-JDT-dkv has not yet taken effect.

while he is a prisoner within the meaning of 28 U.S.C. § 1915(h) unless he is in imminent danger of serious physical injury. Under those circumstances, if any civil action filed by Catchings is not either accompanied by the $350 civil filing fee or by allegations sufficient to show that, at the time of filing the action, he is in imminent danger of serious physical injury, the complaint will be filed, but Plaintiff will be required to remit the full civil filing fee. If he fails to do so, the case will be dismissed, and the filing fee will be assessed from his inmate trust account.[5]

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff is further cautioned that if he attempts to evade the § 1915(g) restriction by filing actions in other jurisdictions that are then transferred or removed to this district, the Court may impose a monetary sanction in the full amount of the civil filing fee